167 N.J. Super. 435 (1979)
400 A.2d 1230
LARRY A. RAMIREZ, PLAINTIFF,
v.
COUNTY OF HUDSON, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, EDWARD F. CLARK, INDIVIDUALLY AND AS COUNTY EXECUTIVE OF THE COUNTY OF HUDSON, AND FRED F. NUGENT, INDIVIDUALLY AND AS DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE COUNTY OF HUDSON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 27, 1979.
*436 Mr. Howard Moskowitz for plaintiff (Mr. Jesse Moskowitz, attorney).
Mr. M.J. Frank, Assistant Hudson County Counsel, for defendants (Mr. Harold Kreiger, Hudson County Counsel, attorney; Mr. Martin L. Bearg, Assistant Hudson County Counsel, on the brief).
KENTZ, J.S.C.
Plaintiff Larry A. Ramirez (Ramirez) is employed by the Hudson County Correction Department. On May 22, 1975 the Hudson County Board of Chosen Freeholders adopted a resolution promulgating revised rules and regulations governing the conduct of Correction Department employees. Among those rules and regulations is Rule 12, which reads as follows:
All information relative to institution affairs and individual inmates must be authorized and given out through the Warden. All employees are prohibited from imparting information to newspaper representatives or any other persons not officially connected with the Hudson County Jail or Penitentiary.
The verified complaint alleges that in December 1976 a local newspaper published a letter written by Ramirez in which he criticized alleged pay discrimination on defendants' part, as well as the county's contract negotiating position *437 and the working conditions at the county jail.[1] A week after that letter was published defendant Fred Nugent, Director of the County Department of Public Safety, issued a letter reprimanding Ramirez for violating Rule 12 by writing the letter to the newspaper.[2]
In this action Ramirez seeks a declaratory judgment that Rule 12 is an unconstitutional deprivation of his rights under the First and Fourteenth Amendments to the Constitution of the United States,[3] and also seeks a permanent injunction against the enforcement of Rule 12 by the defendants. Additionally, he seeks a mandatory injunction ordering the removal of all references to the reprimand from his personnel file and damages.
The matter is currently before the court on the parties' cross-motions for partial summary judgment. Since the facts as set forth above are not disputed by either party, summary judgment on the issue of Rule 12's constitutionality is appropriate, see Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954); R. 4:46-2. There has been no evidence presented as to Ramirez' damage claim and *438 therefore that issue must be resolved at trial. Thus, the sole issue to be decided on these motions is the constitutionality of Rule 12.
Plaintiff concedes that the county possesses a significant interest in regulating some speech by its correction officers "in order to promote efficiency, foster loyalty and obedience to superior officers, maintain morale, and instill public confidence in the law enforcement institution," Gasparinetti v. Kerr, 568 F.2d 311, 315-316 (3d Cir.1977), cert. den. 436 U.S. 903, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978). He argues, however, that any such regulation must be drawn so that its "restrictive effect * * * extend[s] only as far as is necessary to accomplish a legitimate governmental interest," id., 568 F.2d at 316. Ramirez contends that Rule 12 is too broad in its restrictive effect and is therefore an unconstitutional infringement of his right to free speech. Defendants assert that Rule 12 is sufficiently narrowly drawn to pass constitutional scrutiny.
"A clear and precise enactment may nevertheless be `overbroad' if in its reach it prohibits constitutionally protected conduct," Grayned v. City of Rockford, 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222, 230, (1972). Even with regard to public employees, regulations restricting speech must be narrowly drawn so as not to encroach upon the free speech rights of those employees. Pickering v. Board of Education, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811, 817 (1968). "`[P]olicemen, like teachers and lawyers, are not relegated to a watered-down version of constitutional rights,'" Muller v. Conlisk, 429 F.2d 901, 904 (7 Cir.1970), quoting from Garrity v. New Jersey, 385 U.S. 493, 500, 87 S.Ct. 616, 620, 17 L.Ed.2d 562, 567 (1967).[4]
*439 The arguments of counsel focused primarily on Gasparinetti v. Kerr, supra. The court there was faced with a constitutional challenge to three regulations of the Newark Police Department. The court affirmed the District Court's holding that two of the regulations were unconstitutionally overbroad for the reasons expressed in the unreported lower court opinion.
Gasparinetti dealt with the third regulation at length, however, and reversed the District Court's finding of constitutionality. That regulation prohibited public disparagement or unfavorable or disrespectful comment on the official actions of a superior officer or on departmental procedures. The ruling that the regulation in question was unconstitutional rested solely on the overbreadth doctrine. The court recognized the city's interest in regulating its police officers' speech to some degree, 568 F.2d at 315-316, but held that the regulation there cut too deeply into the officers' right to freedom of speech:
It seems to us * * * that consequently any publicly voiced disagreement with Department policy would violate [the regulation in question]. Yet the first amendment surely protects such expressions of opinion about matters of public concern [as criticism of work rules or comment on labor negotiations]. See Pickering v. Board of Education, supra. [Gasparinetti, supra, 568 F.2d at 316 (emphasis in original)]
The Gasparinetti court held that the regulation was invalid because of its
* * * substantial encroachment on first amendment-protected areas of police officers' speech, the lack of interpretive guidance in construing the regulation, the failure to differentiate between criticism of immediate superiors, which might result in disruption, and criticism of remote superiors, where disruption is unlikely, and the public's strong interest in open debate and access to information about its police * * *. [Gasparinetti, supra, 568 F.2d at 317 (footnotes omitted)]
See Muller v. Conlisk, supra, 429 F.2d 901, where the court held that a police department regulation prohibiting "activity, *440 conversation, deliberation or discussion which is derogatory to the Department or any member or policy of the Department" was unconstitutionally overbroad, and Flynn v. Giarrusso, 321 F. Supp. 1295 (E.D. La. 1971), where the court made a similar finding with regard to a regulation that "[a] member shall not unjustly criticize or ridicule, or express hatred or contempt toward, or indulge in remarks which may be detrimental to, or cast suspicion on the reputation of, or otherwise defame, any person."
The regulation in question here suffers from the same infirmities as those involved in Gasparinetti, Muller and Flynn. The encroachment on free speech here is greater than in Gasparinetti in that Rule 12 prohibits "imparting information" whereas the Gasparinetti regulation was limited to unfavorable or disparaging comments. Rule 12 appears to ban all comments, whether favorable, unfavorable or neutral. This rule clearly "indiscriminately casts its net so as to catch, along with that speech which the Department may properly regulate, much speech in which the Department's legitimate interest is minimal." Gasparinetti, supra, 568 F.2d at 317.
Furthermore, Rule 12 contains no "interpretive guidance" relating to its construction;[5] fails to distinguish between criticism of immediate superiors and criticism of remote superiors,[6] and frustrates the public's strong interest in the operation of its correctional facilities, in this case the Hudson *441 County Jail and Penitentiary. Accordingly, Rule 12 is an unconstitutionally overbroad restriction on plaintiff's right to free speech and is invalid on its face.[7]
For the reasons expressed herein, plaintiff's motion for summary judgment is granted and defendants' motion for summary judgment is denied. Defendants are enjoined from enforcing Rule 12 and all references to the reprimand received by Ramirez will be ordered removed from all county records.[8]
This matter will now proceed to trial on the issue of damages.
NOTES
[1] Plaintiff's letter appeared in the Jersey Journal, a daily newspaper published in Jersey City, on December 21, 1976.
[2] Director Nugent's letter of reprimand is dated December 28, 1976. It states that Ramirez was reprimanded because he "imparted information to the newspaper regarding the County Correctional facilities," and threatens "more severe disciplinary action" for future violations of Rule 12.
[3] "Congress shall make no law * * * abridging the freedom of speech * * *." U.S. Const., Amend. I. The First Amendment is made applicable to the states by the Fourteenth Amendment, Lovell v. Griffin, 303 U.S. 444, 450, 58 S.Ct. 666, 668, 82 L.Ed. 949, 952, (1938).

See N.J. Const. (1947), Art. I, par. 6: "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech * * *." The guarantees provided by this provision of the state Constitution are coextensive with those of the First Amendment. Anderson v. Sills, 143 N.J. Super. 432, 442 (Ch. Div. 1976).
[4] Counsel have not suggested that correction officers should not have the same right of free speech as police officers, nor does the court see any reason for distinguishing between the two for the purposes relevant here.
[5] Contrast the rule in question here with those upheld in Magri v. Giarrusso, 379 F. Supp. 353 (E.D. La. 1974), and Kannisto v. San Francisco, 541 F.2d 841 (9 Cir.1976), cert. den. 430 U.S. 931, 97 S.Ct. 1552, 51 L.Ed.2d 775 (1977), discussed in Gasparinetti, supra, 568 F.2d at 317-318, n. 19, 20. The restrictions on speech in those cases extended only to criticism interfering with efficiency or discipline, or made with reckless disregard for truth. By contrast, Rule 12 contains no such limitations.
[6] Even criticism of immediate superiors may, under certain circumstances at least, be constitutionally protected. See Williams v. Civil Service Comm'n, 66 N.J. 152, 158 (1974).
[7] Given the determination that the rule is invalid on its face, the court need not address the issue of whether the precise communication for which plaintiff was reprimanded could have been prohibited by a constitutional regulation, Gasparinetti, supra, 568 F.2d at 318, n. 22; Muller v. Conlisk, supra, 429 F. 2d at 904; Flynn v. Giarrusso, supra, 321 F. Supp. at 1298-1299. Nor must the question of whether Rule 12 constitutes an impermissible prior restraint be reached. See Flynn v. Giarrusso, supra, 321 F. Supp. at 1300, n. 6.
[8] It is clear that such a remedy is appropriate under the circumstances presented here. See Muller v. Conlisk, supra, 429 F.2d at 904; Flynn v. Giarrusso, supra, 321 F. Supp. at 1301.