115 N.J. Super. 283 (1971)
279 A.2d 141
CAROLINE FERRIGNO, PLAINTIFF,
v.
SALVATORE FERRIGNO, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 11, 1971.
Mr. Robert L. Doris, Jr. of Essex County Legal Services Corporation, attorney for plaintiff.
Mr. Philip Insabella, attorney for defendant.
*284 CONSODINE, J.C.C. (temporarily assigned)
The questions involved in this otherwise uncontested divorce case are the ability of defendant to pay counsel fee and the right of plaintiff's counsel to receive it. The parties are 58 years of age. The marriage was performed in 1934.
Plaintiff earns $59.77 a week. Defendant's earnings, alleged to be equally low, are, however, dubious as to amount but sufficient for such luxuries as a 24-year-old mistress, a child by her, and, 1971 autovan. His purchasing power on a miniscule income is reminiscent of the miracle of the five barely loaves and two small fishes. Bible (King James Version), Matthew 14.15-21; Mark 6.34-44; Luke 9.12-17; John 6.5-13.
Plaintiff was represented by an attorney affiliated with the Essex County Legal Services Corporation, a private, non profit corporation financed primarily by the Federal Government under the Economic Opportunity Act of 1964 (42 U.S.C., § 2701).
Plaintiff seeks a counsel fee of $100. Our rule, R. 4:42-9(a)(1), allows counsel fees in a matrimonial action in the discretion of the court. See Lasasso v. Lasasso, 1 N.J. 324 (1949); Morrissey v. Morrissey, 1 N.J. 448 (1949).
As early as 1855 the court, in Anthony v. Anthony, 11 N.J. Eq. 70 (Ch. 1855), permitted a counsel fee to the wife in a divorce proceeding. This doctrine was further advanced in Johns v. Johns, 80 N.J. Eq. 257 (E. & A. 1913), and Verbeeck v. Verbeeck, 93 N.J. Eq. 17 (Ch. 1921).
The law is not static; it changes to meet changing social needs. A considerable number of divorces in New Jersey are now obtained by indigents represented by Legal Services attorneys. I do not believe that a defendant husband against whom a judgment for divorce has been awarded in a contested case should reap the benefits of free legal representation to his wife. Nor should a husband be encouraged to litigate under the assumption no counsel fee will be adjudged in favor of the indigent plaintiff represented by Legal Services. Put in another way, the public *285 should be relieved from the financial burden of obtaining an indigent plaintiff's divorce or successfully defending against a husband's complaint, to the extent that the husband is able to pay all or part of her attorney's fee. The taxpayer has an interest in recovering where possible a portion of the costs in these situations.
Plaintiff is awarded a counsel fee of $100 payable to the Treasurer of the United States of America.