169 N.J. Super. 455 (1979)
404 A.2d 1271
LARRY A. RAMIREZ, PLAINTIFF,
v.
COUNTY OF HUDSON, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, EDWARD F. CLARK, INDIVIDUALLY AND AS COUNTY EXECUTIVE OF THE COUNTY OF HUDSON, AND FRED F. NUGENT, INDIVIDUALLY AND AS DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE COUNTY OF HUDSON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 13, 1979.
*456 Mr. Howard Moskowitz for plaintiff (Mr. Jesse Moskowitz, attorney).
Mr. Martin L. Bearg, Assistant Hudson County Counsel, for defendants (Mr. Harold Krieger, Hudson County Counsel, attorney).
KENTZ, J.S.C.
This action was commenced pursuant to 42 U.S.C.A. § 1983 and is now before the court on plaintiff's motion for an award of counsel fees pursuant to 42 U.S.C.A. § 1988.
The relevant factual background is set forth in Ramirez v. Hudson Cty., 167 N.J. Super. 435 (Ch. Div. 1979). Subsequent to that decision plaintiff informed the court that he would not press his damage claim; therefore, the sole remaining issue in this case is the award of counsel fees.
As relevant to this application, 42 U.S.C.A. § 1988 (hereinafter cited by section number only) provides that
*457 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of * * * title [42 of U.S.C.A.] * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Applicability of § 1988

Plaintiff argues that § 1988 provides statutory authorization for an award of counsel fees within the meaning of R. 4:42-9(a)(8), which states that
(a) No fee for legal services shall be allowed in the taxed costs or otherwise, except

* * *
(8) In all cases where counsel fees are permitted by statute.
In opposition, the county argues that § 1988 does not apply to state court proceedings and that there is therefore no statutory authorization, within the meaning of R. 4:42-9(a) (8), for the award sought by Ramirez.
This argument is clearly without merit. Section 1988, like all federal law, is fully applicable to state court proceedings by virtue of the Supremacy Clause, U.S. Const., Art. VI, cl. 2. Bess v. Toia, 66 A.D.2d 844, 844, 411 N.Y.S.2d 651, 653 (App. Div. 1978); see Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947).
Both the majority and dissenting opinions in Bess v. Toia, supra, recognized the applicability of § 1988 to appropriate state court proceedings, see 66 A.D.2d at 844, 846, 411 N.Y.S.2d at 653, 654. See also Tobeluk v. Lind, 589 P.2d 873 (Alaska Sup. Ct. 1979), where the court applied § 1988 without even pausing to consider its applicability to state court proceedings. The application of § 1988 to state court actions is also supported by the terms of the statute itself. "The Act itself could not be broader. It applies to `any' action brought to enforce certain civil rights laws." Hutto v. Finney, 437 U.S. 678, 694, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522, 526 (1978). Neither the statute nor any *458 reported decision from any jurisdiction indicates that § 1988 is inapplicable to state court actions.[1]
In light of the authorities cited above, I conclude that § 1988 does apply to this litigation, and therefore provides statutory authorization for an award of fees under R. 4:42-9 (a)(8).

Waiver of Fees
The county further argues that, having failed to apply for an award of fees at the time the partial summary judgment was granted and having subsequently withdrawn his damage claim, Ramirez has waived his right to seek counsel fees. This argument is based on R. 4:42-9(d), which provides that "An allowance of fees made on the determination of a matter shall be included in the judgment or order stating that determination."
A consideration of R. 4:42-9(d) leads me to conclude that the county's position is in error. Several relevant considerations should be noted in this regard.
First, a partial summary judgment is not a "determination of a matter" within the meaning of the rule. Ordinarily, such a determination would be a final judgment at the conclusion of a trial. Additionally, certain motions for which an award of counsel fees is authorized, e.g., R. 4:23-1(c), would constitute a determination within the meaning of the rule. A partial summary judgment does not fall within either of these categories, and an award of fees on that motion would have been inappropriate.
Second, although R. 4:42-9(d) precludes a separate order awarding fees, it does not expressly provide for waiver if an application for fees is not made at a specific point in *459 the litigation. Compare R. 4:42-9(d) with, e.g., R. 4:3-2(a) (2), R. 4:3-3(b), R. 4:35-1(c), all expressly providing for waiver. Nor does R. 4:42-9(d) expressly require an application for fees to be made at a point earlier than a final adjudication, even in instances such as are presented here. It clearly does not require prescience on plaintiff's part, as the county's interpretation would require, such that a failure to seek fees on a partial summary judgment becomes a waiver if the remaining claims are later withdrawn.
Finally, even if all of the county's arguments were meritorious, R. 1:1-2 allows the court to relax any rule unless relaxation is expressly prohibited. No such prohibition is contained in R. 4:42-9, and its procedural requirements may be relaxed in appropriate circumstances. See Sarner v. Sarner, 38 N.J. 463, 470 (1962). The circumstances presented here are clearly appropriate for relaxation of R. 4:42-9(d). Ramirez, having chosen to withdraw his damage claim for whatever reason, should not be penalized by forfeiture of the opportunity to apply for counsel fees.
Accordingly, I conclude that plaintiff has not waived his right to seek an award of fees by failing to include that application in his partial summary judgment motion.

Award of Fees
The award authorized by § 1988 should be liberally granted. "[A] party who succeeds in enforcing his civil rights should ordinarily recover his attorneys' fees, unless special circumstances  not alleged here  render such recovery unjust," Beazer v. N.Y.C. Transit Auth., 558 F.2d 97, 100 (2 Cir.1977), and the authorities cited therein. Here, as in Beazer, the county has not produced any circumstances to indicate that an award here would lead to an injustice, and I will therefore grant the motion for an allowance.
Based upon the affidavit of services rendered by counsel in this action, I have determined that a fee of $1,500, plus costs, is reasonable and appropriate and will be allowed.
NOTES
[1] The County makes much of the language contained in Hutto v. Finney, supra, 437 U.S. at 693, 98 S.Ct. at 2575, 57 L.Ed.2d at 536, that "federal courts may award prevailing parties reasonable attorney's fees `as part of the costs.'" That opinion did not address the issue posed here, and the quoted language neither states nor implies that § 1988 does not apply to state court proceedings.