173 N.J. Super. 66 (1980)
413 A.2d 366
RIGHT TO CHOOSE; E.M., P.B., A.C., D.T., E.R. ON BEHALF OF E., A MINOR, AND D.C. ON BEHALF OF K., A MINOR, ALL ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; EDWARD S. MILNER, JR., M.D.; NEW JERSEY WELFARE RIGHTS ORGANIZATION; AND NEW JERSEY RELIGIOUS COALITION FOR ABORTION RIGHTS, PLAINTIFFS,
v.
BRENDAN T. BYRNE, GOVERNOR, STATE OF NEW JERSEY; JOHN J. DEGNAN, ATTORNEY GENERAL, STATE OF NEW JERSEY; ANN KLEIN, COMMISSIONER, DEPARTMENT OF HUMAN SERVICES, STATE OF NEW JERSEY; G. THOMAS RITI, DIRECTOR, DIVISION OF HUMAN SERVICES, STATE OF NEW JERSEY; THOMAS M. RUSSO, ACTING DIRECTOR, DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES, DEPARTMENT OF HUMAN SERVICES, STATE OF NEW JERSEY; AND JOANNE E. FINLEY, COMMISSIONER, DEPARTMENT OF HEALTH, STATE OF NEW JERSEY, DEFENDANTS, AND JOHN T. SCULLY, M.D., F.A.C.S., AS GUARDIAN ON BEHALF OF THOSE CONCEIVED BUT UNBORN HEREIN AND ON BEHALF OF OTHERS SIMILARLY SITUATED; DOMINIC A. INTROCASO, M.D., F.A.C.O.G.; ANTHONY P. DESPIRITO, M.D., F.A.A.P.; THE NEW JERSEY RIGHT TO LIFE COMMITTEE; THE STUDENT AD HOC COMMITTEE AGAINST THE WAR IN VIETNAM AND NEW JERSEY CONCERNED TAXPAYERS, AN ASSOCIATION, INTERVENORS.
Superior Court of New Jersey, Chancery Division Middlesex County.
Decided January 31, 1980.
*68 Nadine Taub, Joan Vermuelen, Edward Tetelman and Louis Raveson for plaintiffs.
Michael R. Cole, Assistant Attorney General, and Andrea M. Silkowitz, Deputy Attorney General, for defendants (John J. Degnan, Attorney General, State of New Jersey).
Stephen J. Foley for intervenors.
*69 FURMAN, J.S.C.
Plaintiffs seek attorneys' fees pursuant to 42 U.S.C.A. § 1988 in litigation attacking the constitutional and statutory validity of N.J.S.A. 30:4D-6.1 and of the state administrative guidelines defining eligibility for Medicaid funding for abortions. The court held initially that N.J.S.A. 30:4D-6.1 was invalid on statutory grounds as a violation of a participating state's obligation under the federal Medicaid Act, 42 U.S.C.A. § 1396 et seq. Right to Choose v. Byrne, 165 N.J. Super. 443 (Ch.Div. 1979). The administrative guidelines, which were thereafter promulgated, were struck down as unconstitutional under the Equal Protection Clauses of the State Constitution, Art. I, § I, and of the Fourteenth Amendment to the Federal Constitution, in accordance with a second published opinion, Right to Choose v. Byrne, 169 N.J. Super. 543 (Ch.Div. 1979).
Throughout this litigation plaintiffs' attorneys were all salaried employees, Ms. Taub of Rutgers University School of Law and Mr. Raveson, Mr. Tetelman and Ms. Vermuelen of Essex-Newark Legal Services Corporation. Their fee applications are not on behalf of themselves but on behalf of their respective employers. Ms. Taub is seeking an award specifically to the Woman's Rights Litigation Clinic to which she was assigned, an educational enterprise approved and sponsored by Rutgers Law School as part of its curriculum.
Ms. Taub's fee application is for $43,920 based on 488 hours of legal services at a rate of $90 an hour. The total fee application of the other three attorneys is for $103,860 based on 1,931 hours of legal services at rates of $60 an hour for Mr. Tetelman and $50 an hour each for Mr. Raveson and Ms. Vermuelen. The supporting affidavits do not segregate in any detail attorneys' time devoted to the issues on which plaintiffs prevailed, nor rule out duplication and overlapping of time in separate research and analysis of these or other issues by two or more of the attorneys.
Plaintiffs framed a multiplicity of issues in this litigation: that under N.J.S.A. 30:4D-6.1 New Jersey did not fulfill its *70 obligation as a participating state under the federal Medicaid Act and that N.J.S.A. 30:4D-6.1 infringed on the Due Process, Equal Protection and Establishment of Religion Clauses of the Federal and State Constitutions and the freedom of religion clause of the Federal Constitution.
According to the determination of this court after a five-day trial, plaintiffs fell short legally and factually on all issues except the statutory issue of conflict with and derogation of the federal Medicaid Act and the equal protection of law issue that Medicaid eligible women with a medical necessity for an abortion were invalidly discriminated against. In view of the holding on statutory grounds, the latter argument was mooted in the first opinion, although by dictum it was recognized as strongly tenable.
The second opinion striking down the administrative guidelines resolved in plaintiffs' favor the identical constitutional argument that had previously been mooted, that is, that Medicaid eligible women with a medical necessity for an abortion were denied equal protection of the law because previously available Medicaid funds for abortions were barred to them, although all other Medicaid eligible persons with a medical necessity for any other surgical procedure or treatment had the benefit of Medicaid funds.
Plaintiffs' eligibility for attorneys' fees must be determined. R. 4:42-9(a)(8) is procedural sanction to the court to award an attorney's fee pursuant to any statute. The rule extends to federal statutes, such as 42 U.S.C.A. § 1988, over which State courts have concurrent jurisdiction. Ramirez v. Hudson Cty., 169 N.J. Super. 455 (Ch.Div. 1979). That federal enactment, known as the Civil Rights Attorneys' Fees Awards Act of 1976, vests discretionary authority in the courts to award an attorney's fee to a prevailing party in an action to enforce a civil right under 42 U.S.C.A. § 1983, specifically, any right, privilege or immunity safeguarded by the Fourteenth Amendment, including the right to equal protection of the law.
*71 An attorney's fee award under § 1988 may be against a state or state official despite the Eleventh Amendment. Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), reh. den. 439 U.S. 1122, 99 S.Ct. 1035, 59 L.Ed.2d 83 (1978). According to Senate Report No. 94-1011, p. 5, U.S.Code Cong. & Admin.News, pp. 5908, 5913 (1976), the legislation contemplates that the fee be recovered from a state official out of funds under his control or from the state, whether or not the state is a named party. In this litigation the state itself is not a named defendant but the Attorney General, State Commissioner of Health, State Commissioner of Human Services and two division directors are named defendants.
Defendants object that the issue of attorneys' fees is not set forth in the pretrial order (R. 4:25-1(b)). But the count for enforcement of civil rights under § 1983 was set forth and at all times preserved. Attorneys' fees under § 1988 should be viewed as concomitant to enforcement of civil rights under § 1983. No prejudice to defendants is discernible because of the omission of the issue of attorneys' fees in the pretrial order.
Essex-Newark Legal Services is a nonprofit corporation pursuant to 42 U.S.C.A. § 2966 et seq. Its financing is 80% from federal funds, with the balance from state, local or private contributions.
Several federal Court of Appeals opinions have approved awards of attorneys' fees to publicly-funded legal services corporations for successful representation of civil rights litigants against state or local governmental entities, as an incentive to pursue further civil rights enforcement litigation. Lund v. Affleck, 587 F.2d 75 (1 Cir.1978); Mid-Hudson Legal Services, Inc. v. G & U, Inc., 578 F.2d 34 (2 Cir.1978); Perez v. Rodriguez Bou, 575 F.2d 21 (1 Cir.1978); Rodriguez v. Taylor, 569 F.2d 1231 (3 Cir.1977), cert. den. 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); Torres v. Sachs, 538 F.2d 10 (2 Cir.1976); Incarcerated Men of Allen Cty. Jail v. Fair, 507 F.2d 281 (6 Cir. *72 1974); Brandenburger v. Thompson, 494 F.2d 885 (9 Cir.1974). In accordance with the foregoing authorities, Essex-Newark Legal Services is held to be eligible for an attorney's fee award under § 1988.
Under New Jersey constitutional law a court lacks authority to order a state appropriation. Fitzgerald v. Palmer, 47 N.J. 106 (1966). That constitutional limitation is subject to the Supremacy Clause of the Federal Constitution, Art. VI. The Civil Rights Attorney's Fees Awards Act of 1976 is controlling and vests authority in this court to award an attorney's fee against the State in favor of Essex-Newark Legal Services.
Rutgers Law School and its Woman's Rights Litigation Clinic are subdivisions of the State, not separate entities as are legal services corporations. Law school expenditures are pursuant to and limited by legislative appropriations in accordance with the State Constitution, Art. VIII, § II, par. 2. The law school in turn allocates funds to the clinic.
The State argues that any attorney's fee award to Rutgers Law School or the Woman's Rights Litigation Clinic would be drawn from and reduce to that extent the appropriation determined by the Legislature and approved by the Governor for the Department of Human Services, which administers Medicaid, presumptively defeating in whole or in part a purpose sanctioned by two branches of Government.
The broad legislative intent of § 1988 is to promote enforcement of civil rights. Upon an attorney's fee award to the Woman's Rights Litigation Clinic, the clinic would have an incentive to pursue further civil rights enforcement litigation. The constitutional considerations are parallel to those bearing on the eligibility of Essex-Newark Legal Services for an attorney's fee award. A subdivision of the State has represented litigants against the State in civil rights litigation. The State is not shielded from an attorney's fee award against it because of the circumstance that one subdivision of the State would benefit at the expense of another subdivision or of the general treasury. The Civil Rights Attorneys' Fees Awards Act of 1976 is paramount *73 over conflicting state constitutional limitations under the Supremacy Clause.
A determination is reached that the Woman's Rights Litigation Clinic is eligible for an attorney's fee award against the State under § 1988. As in the case of an attorney's fee award in favor of Essex-Newark Legal Services, a fee in favor of the clinic may be drawn from any appropriation, including a supplemental one, not necessarily from the appropriation for the Department of Human Services.
This court must finally resolve whether to exercise its discretionary authority to award attorney's fees under § 1988 in the amount applied for, some lesser amount or not at all.
The good faith of state officials in defending the constitutionality of state legislation, N.J.S.A. 30:4D-6.1, is clear. Likewise the good faith of the Commissioner of Human Services, the defendant who promulgated the administrative guidelines, is not subject to challenge. The guidelines conformed to the Hyde Amendment, the then prevailing federal law (P.L. 95-480, 92 Stat. 1586; approved October 1978).
In the first stage of this litigation defendants prevailed on multiple issues of civil rights and lost only on statutory grounds. But this should not bar a recovery of attorneys' fees. Plaintiffs' attorneys pressed the equal protection of law argument which was upheld in the second stage of this litigation, and the statutory argument on which they initially succeeded was to vindicate a statutory right arising out of a "common nucleus of operative fact" with their ultimately prevailing constitutional claim. Lund, supra at 77. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), dealing with enforcement of statutory rights only is distinguishable. Nor can this court conclude that the other constitutional claims raised in the complaint and pretrial order were insubstantial, vexatious, harassing or in bad faith to justify an award of an attorney's fee to defendants for defending against them.
*74 A plaintiff's attorney's fee award under § 1988 should be limited and apportioned to time expended on the prevailing issue or issues, without allowance for time expended on any issue determined adversely to plaintiff. Nadeau v. Helgemoe, 581 F. 2d 275, 279 (1 Cir.1978).
Factors favoring an attorneys' fee award on behalf of Essex-Newark Legal Services include the novelty and complexity of the prevailing equal protection of the law issue, the professional competence of the attorneys and their major contribution to the development and resolution of that issue. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5 Cir.1974).
The deficiencies of the attorneys' affidavits in failing to segregate in any detail time expended on the prevailing equal protection of law issue present difficulties. The entire trial time, for example, for which (including trial preparation) approximately 490 hours were claimed, contributed minimally to the successful enforcement of any civil right. Evaluating the proportion and depth of analysis of plaintiff's briefs devoted to the prevailing constitutional issue in the first stage of this litigation, and accepting the claim for additional legal services in preparation, brief writing and oral argument in the second stage, as well as all the factors cited supra, a determination is reached that Mr. Raveson, Mr. Tetelman and Ms. Vermuelen are entitled to attorneys' fees under § 1988 to be recovered on behalf of Essex-Newark Legal Services against the State for 75 hours of legal services at a rate of $60 an hour and for 180 hours of legal services at a rate of $50 an hour, a total of $13,500, and that Ms. Taub is entitled to an attorney's fee under § 1988 to be recovered on behalf of the Woman's Rights Legal Clinic against the State for 85 hours of legal services at a rate of $75 an hour, a total of $6,375.