178 N.J. Super. 185 (1981)
428 A.2d 548
JOSEPH CARMEL, CARMEL HILLSDALE STATIONARY, INC., PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF HILLSDALE, THOMAS MISCIAGNA, WILLIAM ECKHARDT, CATHERINE CICORA, JONATHAN LOOES, EDWARD STUCKEY, KELLY JOHN, RICHARD ROSANO, PHILLIP VARISCO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1981.
Decided April 6, 1981.
*187 Before Judges ALLCORN, PRESSLER and FURMAN.
John L. Weichsel argued the cause for appellants (Gary Gordon on the brief).
David J. Hughes argued the cause for respondents (Richard J. Donohue, attorney).
The opinion of the court was delivered by PRESSLER, J.A.D.
*188 Plaintiffs appeal the denial of their application for an award of counsel fees pursuant to 42 U.S.C.A. § 1988 following their successful challenge to the validity of an anti-pornography ordinance which had been adopted by defendant Borough of Hillsdale. The challenge was based both on an alleged violation of 42 U.S.C.A. § 1983 and on the state ground of preemption of the ordinance's subject matter by the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq. The ordinance was invalidated by the trial judge on both the federal and state grounds asserted by plaintiffs.
We are first satisfied that the trial court had the authority to award counsel fees in this matter. It is well settled that counsel fees may be awarded only in those cases in which such an award is expressly authorized by R. 4:42-9(a). See, e.g., Union Beach Bd. of Ed. v. N.J.E.A., 53 N.J. 29, 48-49 (1968). R. 4:42-9(a)(8) specifically authorizes an award in "all cases where counsel fees are permitted by statute." The statute upon which plaintiffs rely is, as noted, 42 U.S.C.A. § 1988, which provides in full that
In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
We are in full accord with the two separate holdings of the Chancery Division concluding that as a general matter R. 4:42-9(a)(8) includes federal as well as state statutes within its permissive scope and that, specifically, 42 U.S.C.A. § 1988 is included therein. See Right to Choose v. Byrne, 173 N.J. Super. 66 (Ch.Div. 1980); Ramirez v. Hudson Cty., 169 N.J. Super. 455 (Ch.Div. 1979). See, also, Ventura v. Ford Motor Co., 173 N.J. Super. 501 (Ch.Div. 1980), so holding in respect of 15 U.S.C.A. § 2301 et seq. (Magnus-Moss Warranty Act).
*189 We recognize, however, that while the trial judge had the authority to award counsel fees pursuant to 42 U.S.C.A. § 1988, that statute expressly subjects the exercise of that authority to the court's discretion. The question before us then is whether under the totality of the circumstances here, the trial judge mistakenly exercised his discretion in declining to make an award. We conclude that he did.
The standard to be applied by the federal courts in determining whether or not to allow counsel fees under 42 U.S.C.A. § 1983 has been prescribed by Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), holding that, consistent with the policy of federal civil rights legislation, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." 390 U.S. at 402, 88 S.Ct. 966. See, also, Northcross v. Memphis Bd. of Ed., 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973); Bonnes v. Long, 599 F.2d 1316 (5 Cir.1979); Criterion Club of Albany v. Dougherty Cty. Bd. of Comm'r, 594 F.2d 118 (4 Cir.1979). We agree with the perception of Ramirez, supra, 169 N.J. Super. at 459, that this standard should guide state court judges in their application of 42 U.S.C.A. § 1988 as well, and, accordingly, that applications for fees thereunder should be liberally granted.
We are further satisfied that there was no special circumstance here presented which would render an award of counsel fees unjust. First, an award is clearly not precluded by reason of the fact that plaintiffs were represented not by a private attorney paid by them but rather by an attorney provided by the American Civil Liberties Union. As held in Right to Choose v. Byrne, supra, 173 N.J. Super. at 71 in reliance on federal authorities therein cited, 42 U.S.C.A. § 1988 permits an award of counsel fees "to publicly-funded legal services corporations for successful representation of civil rights litigants against state or local governmental entities, as an incentive to pursue further civil rights enforcement litigation." We are *190 satisfied that there is no rational functional distinction in this context between a publicly-funded legal services entity and a privately-funded entity whose purpose is to provide legal representation to litigants who might not otherwise pursue the vindication of their civil rights. And see, also, Schlott v. Morton, 107 N.J. Super. 16 (Ch.Div. 1969), and Ferrigno v. Ferrigno, 115 N.J. Super. 283 (Ch.Div. 1971), holding that the public status of counsel does not preclude a counsel fee award otherwise authorized by R. 4:42-9(a).
It is also clear that an award of counsel fees was not here precluded by reason of the alternative state grounds relied on by the trial judge in invalidating the challenged ordinance. The fact remains that the trial judge expressly relied as well on his conclusion that the ordinance did constitute a violation of 42 U.S.C.A § 1983. We are satisfied that where a party prevails on both state and fee-qualifying federal issues, an apportionment may be made in respect of the legal services involved in each and an award allowed pursuant to 42 U.S.C.A. § 1983 for the services attributable to the federal issue. That technique was employed in Right to Choose v. Byrne, supra, and in our view, properly so.
Finally, we are persuaded that to the extent that special circumstances are here involved, they militate for rather than against a counsel fee award. That special circumstance here is the acknowledgement by defendant virtually from the outset of this litigation that the ordinance in question was invalid. There appears to be no satisfactory explanation for the failure of the municipality to thereupon have repealed the ordinance instead of subjecting itself, plaintiffs and the courts to the time, expense and effort required in the prosecution of this action to final judgment. Clearly, its pre-judgment representations that because of the unconstitutionality of the ordinance, it would not attempt to prosecute plaintiffs for any violation thereof, could hardly substitute or compensate for plaintiffs' right to have the ordinance either judicially invalidated or voluntarily repealed.
*191 In view of the completeness of the record before us and in the interests of expedition and finality, we have elected to exercise our original jurisdiction in fixing a fee allowance rather than to remand the matter to the trial court for that purpose. Considering the nature and extent of the legal services which the record indicates were expended in respect of the federal issue, we are satisfied that a fee of $500 plus taxed costs is appropriate.
Reversed and remanded for entry of judgment consistent herewith.