250 N.J. Super. 66 (1991)
593 A.2d 375
JACQUELINE SPOTO, PLAINTIFF-APPELLANT,
v.
DAVID McCARROLL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1991.
Decided July 23, 1991.
*67 Before Judges BRODY, GRUCCIO and D'ANNUNZIO.
Robert C. Rivas argued the cause for appellant (Bergen County Legal Services, attorney; Richard S. Semel, on the brief).
Respondent did not file a brief.
The opinion of the court was delivered by GRUCCIO, J.A.D.
The sole issue on this appeal concerns the right of a publicly funded legal services agency to be awarded counsel fees pursuant to R. 4:42-9(a)(1).
The facts are essentially uncontested. On March 30, 1989, defendant David McCarroll filed a domestic violence complaint against plaintiff Jacqueline Spoto, alleging criminal mischief and harassment. As a result of proceedings before the court, temporary restraints were issued against plaintiff and defendant was awarded custody of their child.
Plaintiff filed a pro se complaint for custody. Thereafter, she consulted Bergen County Legal Services (Legal Services) and withdrew the pro se complaint. Robert C. Rivas, a Legal Services attorney, filed a custody complaint on plaintiff's behalf. *68 Following a plenary hearing, the trial judge issued an oral opinion which awarded legal and physical custody to plaintiff and reasonable visitation to defendant. Rivas then requested that the trial judge allow him to submit a certification of services in support of an application for the award of counsel fees against defendant. The trial judge first simply denied the request and a colloquy followed in which Rivas again requested that he be allowed to file the certification and request and indicated to the judge that courts have allowed such applications. The trial judge first inquired as to Rivas' employment with Bergen County Legal Services and as to whether or not the fees would be payable to Rivas individually or to Legal Services. Rivas replied that they would be payable to Legal Services to help run the project. The trial judge expressed his satisfaction that Legal Services exists to provide services to indigents but denied the request. Rivas pressed his request to submit the certification and the trial judge replied:
[B]e aware that I'm going to deny your request and I feel very strongly that the defendant has his own legal services to pay for and I don't think it really does very much credit for any of us, to saddle him with the attorney's fees that would normally be paid by your client, if she could afford to pay them. That there's an agency like yours to help her  I thank your agency, and I thank God. But we're not going to put the weight of that on the defendant. He's really got enough to worry about as it stands.
Anything else? You've asked, and I've denied it, Mr. Rivas.
Legal Services contends that it is entitled to have the fee application considered on the merits. They claim that defendant's case information statement and income statement clearly indicate defendant's ability to pay an award of fees and that the ruling thus was based solely on Rivas' employment by Legal Services.
The threshold inquiry in this case is whether the trial judge did, in fact, deny the request for counsel fees based solely upon the fact that Rivas was employed by Legal Services. It appears from the dialogue between the judge and Rivas that Rivas' employment by a non-profit, publicly-funded state agency was a significant factor in the judge's decision. However, *69 although not fully articulated, the judge also considered the burden the award would place on defendant. Further, the judge's statement that it would be unfair to "saddle defendant with the attorney's fees that would normally be paid by plaintiff, if she could afford to pay them" indicates that he was not likely to grant plaintiff's request even if she was represented by private counsel. Nevertheless, the trial judge's decision, while based on a combination of factors, centered on Rivas' employment by a public agency.
R. 4:42-9(a)(1) states, in pertinent part:
In a family action, the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action .. . on any claim for divorce, nullity, support, alimony, custody, visitation, equitable distribution, separate maintenance and enforcement of inter-spousal agreements relating to family type matters.
While it is not entirely clear from a reading of the rule that counsel fees can be awarded in this particular situation, case law provides us guidance.
In Carmel v. Hillsdale, 178 N.J. Super. 185, 189, 428 A.2d 548 (App.Div. 1981), we held that the trial judge had the authority to award counsel fees to the prevailing party based upon a federal statute allowing such fees even though the party was represented by an attorney provided by the American Civil Liberties Union. There, plaintiffs successfully challenged the validity of a municipal anti-pornography ordinance. Id. at 188, 428 A.2d 548. The challenge was based on an alleged violation of 42 U.S.C.A. § 1983 and on the state ground of preemption of the ordinance's subject matter by the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq. Id.
We initially noted: "It is well settled that counsel fees may be awarded only in those cases in which such an award is expressly authorized by R. 4:42-9(a)." Id. The authority in Carmel stemmed from R. 4:42-9(a)(8), which authorizes an award of counsel fees in "all cases where counsel fees are permitted by statute," there, 42 U.S.C.A. § 1988. Id.
*70 We observed that while the trial judge had the authority to make the award, 42 U.S.C.A. § 1988 expressly subjects the exercise of that authority to the court's discretion. Id. at 189, 428 A.2d 548. Thus, we concluded that the trial judge improperly exercised his discretion in declining to make the award because, pursuant to the policy of federal civil rights legislation, a prevailing party should ordinarily recover counsel fees unless special circumstances would render such an award unjust. Id. (citing Newman v. Piggie Park Enters., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)). Finding that "an award is clearly not precluded by reason of the fact that plaintiffs were represented not by a private attorney paid by them but rather by an attorney provided by the American Civil Liberties Union," we determined that there were no special circumstances which would render an award of counsel fees unjust. Carmel, supra, 178 N.J. Super. at 189, 428 A.2d 548.
Here, as in Carmel, it appears that there was clear authority to award counsel fees pursuant to R. 4:42-9(a). Id. at 188, 428 A.2d 548. As in Carmel, this authority is expressly subject to the court's discretion. See R. 4:42-9(a)(1).
Carmel is somewhat distinguishable, however, in that the policy considerations at work there do not specifically apply here. There, we noted that 42 U.S.C.A. § 1988 permits an award of counsel fees to publicly-funded legal services agencies for the successful representation of civil rights litigants against state or local governmental entities, "as an incentive to pursue further civil rights enforcement litigation." Carmel, supra, 178 N.J. Super. at 189, 428 A.2d 548 (quoting Right to Choose v. Byrne, 173 N.J. Super. 66, 71, 413 A.2d 366 (Ch.Div. 1980)). In keeping with this rationale, counsel fees have been awarded to legal services organizations pursuant to 42 U.S.C.A. § 1988 in numerous instances. See Blanchard v. Bergeron, 489 U.S. 87, 94, 109 S.Ct. 939, 944, 103 L.Ed.2d 67, 75 (1989) (fact that lawyers or organizations will take plaintiff's case without compensation does not bar an award of counsel fees); Evans v. Jeff D., 475 U.S. 717, 725 n. 9, 106 S.Ct. 1531, 1536 n. 9, 89 L.Ed.2d *71 747, 756 n. 9 (1986) (fact that fee award would benefit a non-profit legal services agency does not justify a refusal to make an award); Washington v. Seattle School Dist. No. 1, 458 U.S. 457, 487-88 n. 31, 102 S.Ct. 3187, 3204 n. 31, 73 L.Ed.2d 896, 918 n. 31 (1982) (state-funded entities are eligible to receive an award of attorney fees); American Family Life Assur. Co. v. Teasdale, 733 F.2d 559, 570 (8th Cir.1984) (publicly-funded legal organization representing prevailing party can recover counsel fees); Watkins v. Mobile Housing Bd., 632 F.2d 565, 567 (5th Cir.1980) (fact that party was represented by a public service association funded by public funds is irrelevant in setting attorney fees); Leeds v. Watson, 630 F.2d 674, 677 (9th Cir.1980) (fact that plaintiff's counsel is a legal services organization supported in part by public funds is irrelevant in determining whether an award for attorney fees is proper); Perez v. Rodriguez Bou, 575 F.2d 21, 22 (1st Cir.1978) (award of attorney fees not precluded by fact that plaintiffs were represented by publicly-funded agency and were not charged for legal services they received); Mid-Hudson Legal Services, Inc. v. G & U, Inc., 578 F.2d 34, 37 (2d Cir.1978) (federally-funded legal services corporation entitled to award of legal fees); McMurry v. Phelps, 533 F. Supp. 742, 770-71 (W.D.La. 1982) (counsel fees will not be denied merely because plaintiffs were represented by public interest law firm which was separately funded); Lackey v. Bowling, 476 F. Supp. 1111, 1116 (N.D.Ill. 1979) (attorney fees may be awarded to legal services organization). New Jersey courts have followed suit. See Right to Choose v. Byrne, 91 N.J. 287, 315-18, 450 A.2d 925 (1982); Carmel, supra, 178 N.J. Super. at 189-90, 428 A.2d 548.
Counsel fees have been awarded to publicly-funded agencies in other contexts as well. For example, in Rodriguez v. Taylor, 569 F.2d 1231, 1245 (3d Cir.1977), cert. den. 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978), counsel fees were awarded to a legal services organization in a suit brought under the Age Discrimination in Employment Act. The Court of Appeals stated:

*72 As a general matter, awards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel. The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.
In Torres v. Sachs, 538 F.2d 10, 13 (2d Cir.1976), fees were awarded to a legal services agency representing plaintiffs who successfully challenged city election procedures on constitutional grounds under the Voting Rights Act. Similarly, in Brandenburger v. Thompson, 494 F.2d 885, 889 (9th Cir.1974), the court held that an award of counsel fees was not precluded merely because plaintiff was represented without charge by the American Civil Liberties Union in his successful challenge to Hawaii's one-year durational residency requirement for state welfare benefits. While none of the aforementioned cases deal specifically with an award in a matrimonial matter pursuant to R. 4:42-9(a)(1), all lend support to the motion that counsel fees can be awarded even where a litigant is not represented by private counsel.
In addition, Carmel, supra, 178 N.J. Super. at 190, 428 A.2d 548, more directly supports Legal Services' position. There, we said:
[T]here is no rational functional distinction in this context between a publicly-funded legal services entity and a privately-funded entity whose purpose is to provide legal representation to litigants who might not otherwise pursue the vindication of their civil rights. And see, also, Schlott v. Morton, 107 N.J. Super. 16 [256 A.2d 641] (Ch.Div. 1969), and Ferrigno v. Ferrigno, 115 N.J. Super. 283 [279 A.2d 141] (Ch.Div. 1971), holding that the public status of counsel does not preclude a counsel fee award otherwise authorized by R. 4:42-9(a).
Schlott and Ferrigno, with which we agree, are both matrimonial cases, one in which counsel fees were awarded to a party represented by a legal services organization and the other in which counsel fees were awarded against a party so represented.
In Ferrigno, supra, 115 N.J. Super. at 284-85, 279 A.2d 141, a divorce case, the court held that counsel fees were recoverable by the plaintiff wife even though she was represented by an attorney affiliated with Essex County Legal Services. The court noted that R. 4:42-9(a)(1) allows counsel fees in a matrimonial *73 matter in the discretion of the court. Id. at 284, 279 A.2d 141. It then stated that as early as 1855 the court has permitted the award of counsel fees to a wife in a divorce proceeding, "to the extent that the husband is able to pay all or part of her attorney's fees. The taxpayer has an interest in recovering where possible a portion of the costs in these situations." Id. at 284-85, 279 A.2d 141.
Schlott, supra, 107 N.J. Super. at 17, 256 A.2d 641, was a custody matter in which plaintiffs were represented by Newark Legal Services Project and defendant sought counsel fees. The court held that the fact that plaintiffs were represented by a publicly-funded legal services organization did not bar an award of counsel fees against them. Id.
We find no reason to distinguish between publicly-funded legal services organizations and privately-funded firms in awarding counsel fees in matrimonial matters. Clearly, the judge has the authority pursuant to R. 4:42-9(a)(1) to make such an award. We have made such awards pursuant to the Civil Rights Act and in other contexts. Additionally, the rationale behind an award in a § 1983 case of providing a means to pursue civil rights enforcement litigation, while not directly applicable in the matrimonial context, provides support for an award in this case. That is, it indirectly provides a means for litigants to actively pursue their rights in matters of custody and support, just as an award pursuant to the Civil Rights Act encourages individuals to pursue enforcement of their civil rights. The award of fees to legal services offices promotes this goal as much as an award to privately retained counsel. Moreover, it enhances the capabilities of legal services organizations, which have very limited resources to begin with, in representing indigent litigants in these endeavors.
While R. 4:42-9(a)(1) still allows the trial judge to exercise his discretion in making such an award, it is entirely probable that knowing that an award of counsel fees was within the court's power, the trial judge would have, nevertheless, chosen not to *74 do so for valid reasons. Since it appears that the trial judge did not believe that he had the authority to award fees to plaintiff as she was represented by a legal services agency, we do not know whether he would have made such an award had he believed he had the authority to do so. Accordingly, we reverse the court's determination on fees and remand for the judge's reconsideration with the awareness that fees can be awarded to a publicly-funded agency such as Legal Services.
Reversed and remanded.