255 N.J. Super. 4 (1992)
604 A.2d 604
AFRICAN COUNCIL AND WILLIAM A. DAVID-EL, PLAINTIFFS-APPELLANTS,
v.
JACK HADGE, MANAGER, TOWNSHIP OF TEANECK, IN HIS OFFICIAL CAPACITY, AND TOWNSHIP OF TEANECK, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1992.
Decided March 13, 1992.
*5 Before Judges J.H. COLEMAN, STERN and KEEFE.
*6 Walter D. Nealy argued the cause for appellants.
Michael B. Kates argued cause for respondents (Nashel, Kates, Modarelli, Nussman, Rapone & Ellis, attorneys; Michael B. Kates of counsel and on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
This appeal raises two important issues. The first is whether plaintiffs were "prevailing parties" under 42 U.S.C.A. § 1988 (Section 1988) in an action to enforce their civil rights guaranteed by the federal constitution. The second issue presented is, if they were the prevailing parties, whether they were entitled to have their attorney's fees paid for obtaining an order directing defendants to issue plaintiffs a permit to march in the street rather than on the sidewalk. The Law Division held that obtaining such an order did not represent "the advancement of any substantial constitutional issue" and denied an application for counsel fees pursuant to Section 1988. We reverse and direct the payment of a reasonable counsel fee.

I
This case arises out of a free exercise of the First Amendment right of freedom to assemble to protest the tragic killing of Phillip C. Pannell on April 10, 1990 by Teaneck Police Officer Gary Spath.[1] Plaintiffs planned four marches on successive Saturdays, June 30, July 7, 14, and 21, 1990, to focus public attention on the killing, urged by some to have been racially motivated. A special event permit, required by Teaneck Township Code, §§ 31B-1 to 5, was obtained for the first three marches. On the three prior occasions, the participants in each march walked in the street down Teaneck Road because the permit did not restrict them to the sidewalk. The fourth march *7 scheduled for July 21, 1990, is the one which prompted this litigation.
On July 11, 1990, plaintiffs submitted an application for a special events permit to conduct a march, this time along Cedar Lane in the commercial-business district, to the City Hall Municipal Complex. On the day the application was submitted, the Chief of Police, Bryan E. Burke, recommended denial of the permit due to perceived traffic and pedestrian congestion caused by shoppers and parking on both sides of the street. Thereafter, negotiations were conducted between plaintiffs and defendants through July 18, 1990.
Having failed at negotiations of a route that included marching in the street along Cedar Lane, and the time scheduled for the march was rapidly approaching, plaintiffs sought judicial intervention. They filed a complaint in lieu of prerogative writs on July 19, 1990 and an Order to Show Cause was issued at 3:00 p.m. The order required defendants to show cause at 9:00 a.m. on July 20 why a permit to march "along Cedar Lane" on July 21, 1990 should not be issued. It was revealed at the hearing conducted on the 20th that Henry Ross, III, the Deputy Manager of Teaneck and the person designated to grant or deny the permit, issued a permit on July 19 specifying "the route for the march from the intersection of River Road and Cedar Lane along the North sidewalk of Cedar Lane." When the court became aware that a conditional permit had been issued, the focus of the litigation shifted to whether the condition limiting the march to the sidewalk was proper.
At the conclusion of the hearing, the judge found that based on "the law of the United States and ... the law of New Jersey," the permit shall be amended "to permit the walk, parade or march to occur in an orderly fashion ... [along] the route designated [in the permit] ... but that the walk should occur in the street." He reasoned that there was no reasonable basis for limiting the march to the sidewalk. The judge found that the 150 to 200 anticipated participants walking three to *8 four abreast would never fully occupy more than one city block at any given time. Based thereupon, cross-traffic waiting to enter or cross Cedar Lane would not be obstructed. He also stated that because the marchers would walk only on the easterly side of Cedar Lane, traffic could flow freely in the westerly direction.
After the march was conducted on July 21, plaintiffs applied for attorney's fees and costs pursuant to R. 4:42-9(a)(8) based on Section 1988. The application for counsel fees was denied and the judge relied essentially on Right to Choose v. Byrne, 91 N.J. 287, 316, 450 A.2d 925 (1982). The judge reasoned that the parties had conducted negotiations respecting the route and the only issue left for resolution before him was whether the march should be conducted on the sidewalk or in the street, the resolution of which was not regarded as advancing any "substantial, constitutional issue." The same order which denied counsel fees and costs, also directed defendant Township Manager to approve with or without conditions or to disapprove future special events applications from plaintiffs "within three (3) days of submission."

II
In this appeal, plaintiffs argue that they were the "prevailing party"; in that, the judge ordered that the march could be conducted along Cedar Lane in the street rather than on the sidewalk and that the judge further ordered that any future application from plaintiffs for a special event permit must be decided within three days after submission. By so doing, plaintiffs would have a week to seek judicial review of a denial or the imposition of special conditions before the date scheduled for the march.
Section 1988, in pertinent part, provides that:
In any action or proceeding to enforce a provision of section ... 1983 ... of this title [42 U.S.C.A.] ... or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs. [42 U.S.C.A. § 1988].
*9 Because the statute vests the judge with discretion whether to allow an attorney's fee to a prevailing party, we must decide first whether plaintiffs are prevailing parties and next "whether under the totality of the circumstances here, the trial judge mistakenly exercised his discretion in declining to make an award." Carmel v. Hillsdale, 178 N.J. Super. 185, 189, 428 A.2d 548 (App.Div. 1981).
An analysis of whether plaintiffs were prevailing parties on a federal claim requires us to examine the complaint. In their complaint, plaintiffs alleged that the failure of defendants to issue a special events permit before July 19 was a de facto rejection in violation of their First and Fourteenth Amendments rights to free speech and freedom of assembly as well as a violation of 42 U.S.C.A. § 1983 (Section 1983). The primary remedy sought was to compel defendants to permit the march along Cedar Lane, in the street, on July 21.
Section 1983 provides that:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [42 U.S.C.A. § 1983].
It is beyond dispute that defendants acted under color of Teaneck Township's Code §§ 31B-1 to 5.
At the conclusion of the hearing on July 20, the trial judge concluded based on Shuttlesworth v. Birmingham, 394 U.S. 147, 152, 89 S.Ct. 935, 939, 22 L.Ed.2d 162, 168 (1969), and International Society for Krishna Consciousness v. N.J. Sports and Exposition Authority, 691 F.2d 155, 160 (3d Cir.1982), plaintiffs were entitled to march in the street. Both cases recognized that marching or picketing constitutes methods of expression that are entitled to protection under the First and Fourteenth Amendments. The right to march or to picket extends to all public places such as sidewalks, parks and streets. Cox v. Louisiana, 379 U.S. 536, 554-555, 85 S.Ct. 453, 464, 13 L.Ed.2d 471, 484, and 379 U.S. 559, 563-564, 85 S.Ct. *10 476, 480, 13 L.Ed.2d 487, 491-492, reh. denied, 380 U.S. 926, 85 S.Ct. 879, 13 L.Ed.2d 814 (1965); Cox v. New Hampshire, 312 U.S. 569, 574, 61 S.Ct. 762, 765, 85 L.Ed. 1049, 1053 (1941).
The right to march in the street, however, is subject to reasonable regulations as to time, manner and place. Cox v. New Hampshire, supra, 312 U.S. at 575-576, 61 S.Ct. at 765-66, 85 L.Ed. at 1053; see also Consolidated Edison Co. v. Public Service Commission, 447 U.S. 530, 535, 100 S.Ct. 2326, 2332, 65 L.Ed.2d 319, 326 (1980); Adderley v. Florida, 385 U.S. 39, 46-48, 87 S.Ct. 242, 246-47, 17 L.Ed.2d 149, 155-156 (1966), reh. denied, 385 U.S. 1020, 87 S.Ct. 698, 17 L.Ed.2d 559 (1967); Hurwitz v. Boyle, 117 N.J. Super. 196, 202-203, 284 A.2d 190 (App.Div. 1971). But such restrictions must be justified without reference to content. They must serve a significant governmental interest and they must leave open ample alternative channels for expression of ideas. Consolidated Edison Co., supra; Virginia Pharmacy Board v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 771, 96 S.Ct. 1817, 1830, 48 L.Ed.2d 346 (1976).
Plaintiffs attempted, among other things, to have the Teaneck ordinance declared unconstitutional as applied to them based on the "place" restriction. The judge recognized his obligation not to invalidate the ordinance on constitutional grounds if it could be interpreted in a manner that would be consistent with constitutional principles in its application to plaintiffs. See State v. Dillihay, 127 N.J. 42, 53-4, 601 A.2d 1149 (1992); State v. Profaci, 56 N.J. 346, 350, 266 A.2d 579 (1970); Hurwitz v. Boyle, supra. Here, the judge found that plaintiffs were entitled to a permit to march in the street because defendants failed to demonstrate any reasonable basis for limiting the march to the sidewalk. By removing the "place" restriction from the permit, the ordinance was not unconstitutionally applied to the plaintiffs. Similarly, the judge saved the ordinance from a successful due process attack by requiring defendants to render a decision within three days of receipt of future applications for a permit from plaintiffs. *11 Unquestionably, the ordinance is reasonably susceptible to both interpretations in light of the factual findings made by the judge.
When the trial judge concluded that the refusal to issue a permit to march in the street along Cedar Lane violated the federal Constitution, by implication there was also a violation of Section 1983 because defendants acted under color of the Teaneck Code to deprive plaintiffs of their constitutional right to march peacefully in the street. The transgression amounted to an unconstitutional censorship or prior restraint that "strikes at the very heart of the constitutional guarantees" under the First Amendment. Schneider v. Irvington, 308 U.S. 147, 164, 60 S.Ct. 146, 152, 84 L.Ed. 155, 166 (1939); see Staub v. Baxley, 355 U.S. 313, 322, 78 S.Ct. 277, 282, 2 L.Ed.2d 302, 311 (1958). Consequently, plaintiffs prevailed on a federal claim.
We are persuaded, therefore, that plaintiffs were prevailing parties within the contemplation of Section 1988. Singer v. State, 95 N.J. 487, 494-495, 472 A.2d 138, cert. denied, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 64 (1984), adopted a two-pronged test for determining when one is a prevailing party for purposes of Section 1988 counsel fee awards. Singer requires a party to "demonstrate that his [her] lawsuit was causally related to securing the relief obtained; a fee award is justified if plaintiffs' efforts are a `necessary and important' factor in obtaining the relief" and "plaintiff must establish that the relief granted had some basis in law." Id. at 494, 472 A.2d 138. Plaintiffs satisfied the Singer test. This is the same test applied in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40, 50 (1983) and Nadeau v. Helgemoe, 581 F.2d 275, 280-281 (1st Cir.1978), which was reaffirmed in Texas State Teachers Ass'n v. Garland Independent School District, 489 U.S. 782, 791-792, 109 S.Ct. 1486, 1492-93, 103 L.Ed.2d 866, 877 (1989). See also Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); Newman v. Piggie Park *12 Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).
The objective plaintiffs sought, above all else, was to conduct the July 21 march in the street along Cedar Lane. That is precisely what the court ordered. Under no test, may that victory be considered insignificant. The right to freedom of speech or expression through protest is one of the most "sacred" rights under the Bill of Rights. It has been said that a plaintiff who is successful in vindicating such a right acts as a private attorney general in enforcing rights the Congress of the United States considered of the highest priority. Newman v. Piggie Park Enterprises, Inc., supra, 390 U.S. at 401-402, 88 S.Ct. at 966, 19 L.Ed.2d at 1265-1266; Frank's Chicken House v. Mayor and Council, 208 N.J. Super. 542, 545, 506 A.2d 751 (App.Div. 1986).

III
Finally, we must consider whether under the circumstances a denial of counsel fees was a mistaken exercise of discretion. The general rule is that a plaintiff prevailing in an action subject to Section 1988 is ordinarily entitled to counsel fees unless special circumstances exist which render an award unjust. Iranian Students Ass'n v. Edwards, 604 F.2d 352, 353 (5th Cir.1979); Gregg v. Township Committee, 232 N.J. Super. 34, 37-40, 556 A.2d 348 (App.Div. 1989); Frank's Chicken House v. Mayor and Council, supra; Carmel v. Hilldale, supra. Counsel fees should be liberally granted. Frank's Chicken House v. Mayor and Council, supra; Ramirez v. Hudson County, 169 N.J. Super. 455, 457-459, 404 A.2d 1271 (Ch.Div. 1979).
We are convinced that no special circumstances existed which would render an award of counsel fees unjust. The fact that the parties engaged in negotiations cannot be detrimental to plaintiffs since it is in the interest of the public to encourage settlement negotiations before filing a lawsuit. Also, an award of counsel fees is not precluded by the fact that plaintiffs appended a state law (constitutional) claim to their federal *13 claims. There was an adjudication of the federal claim favorably to plaintiffs. Right to Choose v. Byrne, supra, 91 N.J. at 316, 450 A.2d 925; Carmel v. Hillsdale, supra, 178 N.J. Super. at 290, 428 A.2d 548.
It would be anomalous, indeed, to deny counsel fees to these plaintiffs who succeeded in enforcing their right to march peacefully in the street while allowing counsel fees under Section 1988 in Ramirez, supra, for protecting his right to write a letter to a newspaper critical of Hudson County, in Frank's Chicken House, supra, and in Carmel, supra, for successfully challenging antipornography ordinances, and in Gregg, supra, for successfully challenging a rent reduction payable by tenants in stabilized rental housing where he had not been given notice and an opportunity to be heard. Since the payment of attorney fees under Section 1988 was not found to be unjust in those cases, we perceive no sound reason why the result should be different in the present case. We hold, therefore, that the judge mistakenly exercised his discretion in denying the counsel fee application.
Given the history in this case and the completeness of the record, the interest of justice dictates that we exercise original jurisdiction pursuant to R. 2:10-5 in fixing a counsel fee allowance. Carmel v. Hillsdale, supra, 178 N.J. Super. at 191, 428 A.2d 548. Considering the affidavit of services submitted, we award a reasonable counsel fee of $2,500 for 20 hours of services rendered on and after July 18 plus costs of $153.[2]
We reverse the order denying counsel fee and costs and remand for the entry of an amended judgment consistent with this opinion.
NOTES
[1] Officer Spath was acquitted on February 11, 1992 of all criminal charges stemming from the killing.
[2] We note that the affidavit of services contains an error: 26 1/3 hours at $125 per hour equals $3,291.66 and not $4,041.66 stated in the affidavit.