IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARNELL SEENEY, aka | § | |
| DONNELL SEENEY, | § | No. 518, 2019 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1109005127 (N) |
| | § | 1404009588 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 9, 2020
Decided: June 17, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Darnell Seeney, aka Donnell Seeney, appeals from the Superior Court's November 14, 2019 order sentencing him for a violation of probation ("VOP").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Seeney's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On October 6, 2015, Seeney pleaded guilty to one count of strangulation and one count of act of intimidation.  The Superior Court immediately

sentenced Seeney as follows: for strangulation, to five years of Level V incarceration to be served under 11 *Del. C.* § 4204(k), with no probation to follow; for act of intimidation, to five years of Level V incarceration, suspended for four years of Level IV probation to be served at the discretion of the Department of Correction ("DOC"), suspended after twelve months, followed by twenty-four months of Level III probation with GPS monitoring.

(3)     On October 13, 2019, an arrest warrant was issued for Seeney on new charges of strangulation and terroristic threatening. On November 4, 2019, Seeney's probation officer filed an administrative warrant with the Superior Court, alleging that Seeney was in violation of the terms of his probation because he had: (i) picked up new criminal charges; (ii) failed to report to probation; (iii) absconded from probation; (iv) removed his GPS monitoring anklet; and (v) failed to follow through with the special terms of his probation, including TASC monitoring, substance abuse treatment, domestic violence education, and mental health treatment. In a supplemental VOP report filed with the court, Seeney's probation officer alleged that Seeney had, in violation of a no-contact order, contacted the alleged victim of his new strangulation and terroristic threatening charges by telephone to ask her to drop the charges against him. The supplemental report also noted that Seeney had twice tested positive for alcohol.

(4) Seeney appeared with counsel at the VOP hearing and admitted violating the terms of his probation. The Superior Court found Seeney in violation of the terms of his probation and sentenced him to five years of Level V incarceration, suspended after four years for one year of Level IV supervision to be served at the discretion of DOC, suspended after six months, with no probation to follow.[1] This appeal followed.

(5) On appeal, Seeney argues that the Superior Court abused its discretion in sentencing him to more than twenty-five percent of his backup time because his violation was "technical" in nature. Instead, Seeney asserts that the Superior Court sentenced him as if he had been found guilty of the still-pending strangulation and terroristic threatening charges. Seeney's position appears to be premised on the Violation of Probation Sentencing Policy contained in the Sentencing Accountability Commission ("SENTAC") Benchbook.

(6) Seeney's argument is unavailing. "It is well-established that appellate review of sentences is extremely limited."[2] Our review of a sentence generally ends upon a determination that the sentence falls within the statutory limits prescribed by

---

[1] The Superior Court also discharged Seeney as unimproved from probation in an unrelated case, Cr. ID No. 1109005127(N).

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

the legislature.[3]  As a preliminary matter, Seeney's contention that the Superior Court sentenced Seeney as if he had been found guilty of the new criminal charges is belied by the transcript of the VOP hearing: the Superior Court judge repeatedly stated that he did not consider Seeney's pending charges when fashioning Seeney's VOP sentence.  As for Seeney's argument that the SENTAC guidelines limit the period of Level V incarceration he could receive for a VOP on a "technical violation," we have long held that the SENTEC guidelines are non-binding and provide no basis for appeal where, as here, the sentence falls within the prescribed statutory limits.[4]  In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of Level V time remaining to be served on the original sentence.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Mayes v. State*, 604 A.2d 604 A.2d 839, 842 (Del. 1992) (citation and internal quotation marks omitted).

[4] *Id.* at 845.

[5] 11 *Del. C.* § 4334(c).

4