264 N.J. Super. 538 (1993)
624 A.2d 1381
PROPERTY OWNERS AND MANAGERS ASSOCIATION; CHARLES KUSHNER T/A PARK LANE VILLAGE, A NEW JERSEY PARTNERSHIP; PARTRIDGE RUN APARTMENTS, INC.; LEON AND EDITH SLUPSKY; JOSEPH KUSHNER, ET ALS., T/A DARTMOUTH VILLAGE APARTMENTS, A NEW JERSEY PARTNERSHIP; COLONIAL HEIGHTS APARTMENTS, A NEW JERSEY PARTNERSHIP; DEERA MANAGEMENT GROUP, L.P.; TROY HILLS VILLAGE, A NEW JERSEY PARTNERSHIP; MUTUAL REAL ESTATE INVESTORS TRUST T/A INTERGROUP CORP.; AND PARTROY ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFFS-APPELLANTS, CROSS-RESPONDENTS,
v.
MAYOR AND TOWN COUNCIL OF PARSIPPANY-TROY HILLS AND TOWNSHIP OF PARSIPPANY-TROY HILLS, DEFENDANT-RESPONDENTS, CROSS-APPELLANTS, AND ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR.
Superior Court of New Jersey, Appellate Division.
Argued April 19, 1993.
Decided May 19, 1993.
*539 Before Judges J.H. COLEMAN, SHEBELL and ARNOLD M. STEIN.
Charles X. Gormally argued the cause for appellants, cross-respondents (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Mr. Gormally of counsel; Regina A. McGuire on the brief).
*540 John H. Dorsey argued the cause for respondents, cross-appellants (Dorsey and Fisher, attorneys; Mr. Dorsey of counsel; and Frank N. Yurasko on the brief).
Daniel P. Reynolds, Deputy Attorney General, argued the cause for intervenor (Robert J. Del Tufo, Attorney General of New Jersey, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel; Mr. Reynolds on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
L. 1991, c. 213, § 1, effective July 23, 1991, codified as N.J.S.A. 40:66-1b, gives municipalities discretionary power to limit solid waste collection service to curbside collection along public streets. This legislation further permits municipalities to reimburse property owners who elect not to receive municipal collection service. In this appeal, plaintiffs seek a determination that N.J.S.A. 40:66-1b is unconstitutional. The Law Division held the statute is constitutional. We agree and affirm.

I
Plaintiffs are a group of owners of garden apartment buildings and an association formed by them who sought to compel defendant Township of Parsippany-Troy Hills (Township) to provide solid waste collection from within the garden apartment complexes at municipal expense. Plaintiffs sought solid waste collection services at each apartment complex curbsides or from dumpsters located within the complexes. There are a total of twenty-seven garden apartment complexes within the Township comprising approximately 7,000 residential units.
From the time of the construction of the garden apartment complexes involved here in the mid-1960s, garbage collection service has been provided privately at the owners' (and hence tenants') expense. All the complexes in question use the dumpster system whereby residents place their garbage into a dumpster for disposal. The dumpsters are mostly located on the *541 outside periphery of each complex, and generally access to the complex is off of a heavily trafficked municipal road.
The volume of the solid waste generated by the complexes is reflected in the number of dumpsters required. Colonial Heights, located off of Parsippany Road, has eleven rear loader dumpsters plus a shed for recyclables. Meadowbrook Gardens, located off of Route 46, has eight rear loader dumpsters for garbage and two for recyclables. Baldwin Manor, located off of Baldwin Road, has nine rear loader dumpsters for garbage and three for recyclables. Dartmouth Village, also located off of Baldwin Road, has six rear loader dumpsters for garbage plus a shed for recyclables. Intervale Gardens, located off of Route 46, has eight rear loader dumpsters for garbage. Vali Gardens, located off of Vali Road, has nine rear loader dumpsters for garbage. Troy Hills Village, also located off of Vali Road, has twenty-four front loader dumpsters for garbage. Partridge Run, located off of New Road, has twelve front loader dumpsters for garbage.
None of the apartment complexes contains streets which are municipally owned. The Township provides no services on these private streets except for fire, police and ambulance. None of the roadways within the complexes was built to municipal specification. Only a few streets comply with the thirty-foot width requirement; some are only twelve feet wide. Speed bumps are fairly common on these roads. The short radius at the intersections of the driveways in some of the complexes causes problems relating to sight distances and turning.
Prior to 1988, the Township did not provide municipal garbage collection to any of its residents. Solid waste collection was provided through garbage districts, wherein residents paid directly for the collection. However, in January 1988 this private plan was abolished, and the Township began providing solid waste collection service directly through a contract with a private scavenger. This change required a garbage collection component to be added to the municipal property tax rate to cover the cost. Soon thereafter, plaintiffs began seeking on-site collection of garbage *542 by the Township. The Township considered alternative ways of negotiating a settlement with plaintiffs by offering to provide some type of curbside service, but these efforts failed.
Township residents are required to separate recyclables from other trash and to place the garbage in suitable containers for curbside collections along public streets. Guidelines were promulgated in September 1991 by the Township, effective January 1, 1992, detailing its latest plan for the collection of residential solid waste. Under these guidelines, each apartment complex was directed where to place thirty-two gallon containers of garbage. Each container must be equipped with wheels. No more than two containers are allowed for each apartment unit, and each container must have an attached lid. The containers will be picked up twice a week, and recyclables will be collected once a week from the curbside of the designated public streets. During oral argument, we were advised that six of the complexes involved as plaintiffs are complying with the Township's requirements and are receiving collection service from individual containers placed at the curbside of designated public streets.
At the conclusion of a three-day bench trial, the trial judge rendered an oral decision on July 22, 1991 and a written order was signed on August 31, 1991 requiring the Township to provide on-site collection of garbage to plaintiffs. The judge left it to the discretion of the Township to provide the most practical method of collection between: (1) dumpsters; (2) containers placed at curbside along internal private roadways within the complexes, or (3) containers placed at curbside along the public streets abutting plaintiffs' properties where the streets within a particular complex are too unsafe for large garbage trucks to traverse.
One day after the judge rendered his oral decision, N.J.S.A. 40:66-1b became effective which reaffirmed a municipality's right to limit garbage pickup to collection from curbside of public streets. The judge allowed plaintiffs to file a supplemental complaint attacking the constitutionality of L. 1991, c. 213, of which *543 N.J.S.A. 40:66-1b is a part. On November 22, 1991, the trial judge upheld the constitutionality of the legislative enactment.
Plaintiffs have appealed the order dated November 22, 1991 upholding the constitutionality of the new statute. The Township has cross-appealed that portion of the order dated August 31, 1991 which required it to collect garbage from within the apartment complexes under any circumstances.

II
In this appeal, plaintiffs contend that N.J.S.A. 40:66-1(b) is unconstitutional on its face under federal and State equal protection analysis because it allows municipalities to discriminate among similarly situated residents solely based on the form of ownership  public versus private  of the residents' adjoining access point for garbage disposal. Such a distinction, according to plaintiffs, is without a rational basis and violates the equal protection guarantees of the State and federal constitutions. Plaintiffs further contend that N.J.S.A. 40:66-1(b) is unconstitutional as applied to the facts of this case because the private nature of the apartment complexes is not a rational basis upon which the Township could refuse to provide on-site garbage collection.

A
We agree with the positions advanced by the Township and the Attorney General that N.J.S.A. 40:66-1(b) passes constitutional muster because it does not exclude any class of residents from receiving municipal solid waste collection. Contrary to the wishes of plaintiffs, the statute simply does not mandate that a municipality offer the type of "customized service" (collection from dumpsters) sought by plaintiffs.

B
N.J.S.A. 40:66-1(b) provides:
A municipal governing body that establishes a system for the collection or disposal of solid waste pursuant to subsection a. of this section, in itsb discretion, *544 may limit service furnished by it to curbside collection along public streets or roads that have been dedicated to and accepted by the municipality. The municipal governing body may also refuse to enter upon private property to remove solid waste from dumpsters or other containers. The municipal governing body, in it sole discretion, may choose to reimburse those property owners who do not receive the municipal services, but such reimbursement shall not exceed the cost that would be incurred by the municipality in providing the collection or disposal service directly. [N.J.S.A. 40:66-1(b)].
Plaintiffs concede that the rational basis test is to be applied in determining the constitutionality of the statute since no fundamental right is at stake and no suspect or semi-suspect class is involved. Drew Associates of N.J., L.P. v. Travisano, 122 N.J. 249, 258, 584 A.2d 807 (1991); Brown v. City of Newark, 113 N.J. 565, 573, 552 A.2d 125 (1989). Legislative enactments are presumptively valid, Hutton Park Gardens v. West Orange Town Council, 68 N.J. 543, 564, 350 A.2d 1 (1975), and may not be voided if the reasonableness of the statute is fairly debatable. New Jersey State League of Mun. v. State, 257 N.J. Super. 509, 518-19, 608 A.2d 965 (App.Div. 1992). Under the rational basis test, the legislation "need be only rationally related to a legitimate state interest to satisfy federal equal protection requirements." Brown v. City of Newark, supra, 113 N.J. at 573, 552 A.2d 125; Greenberg v. Kimmelman, 99 N.J. 552, 563-64, 494 A.2d 294 (1985). The same type of analysis has been adopted essentially respecting an equal protection analysis under Article I, paragraph 1 of the New Jersey Constitution. Drew Associates, supra, 122 N.J. at 259, 584 A.2d 807; Brown v. City of Newark, supra, 113 N.J. at 573-74, 552 A.2d 125.
Under the controlling legal principles, the question presented is whether N.J.S.A. 40:66-1(b) classifies affected persons in a manner that is rationally related to a legitimate governmental objective. The trial judge answered this question in the affirmative when he found the statute constitutional on its face and as applied. Although he had previously concluded on July 22, 1991 that the private character of the roadways was not significant, after the enactment of N.J.S.A. 40:66-1(b), the judge changed his *545 mind and concluded that "the reality is that there is some importance that the private ownership has." The judge further stated:
And furthermore, beyond that, as a matter of general fact, it may be that roads which are in fact legally private also tend more often to share physical characteristics which differentiate them from most public roadways.
My answer to the fact that private roadways, in general, are not as good as public roadways, my own answer to that would be to say: Well, let's look at each private roadway, see how it measures up, and make a decision about collecting garbage based on the actual characteristics of the private roadway.
But it seems to me that the Legislature, among other things, can deal in broad classifications which have some broad sense. And if you're thinking, as you can, if you're a legislator on a statewide basis, of dealing with thousands of complexes perhaps statewide, and you're trying to get a handle on what municipalities have to do, it may be that a reasonable way of distinguishing, at least an arguably reasonable way of distinguishing is to say that in fact many of the private roadways are not up to good functional standards, and instead of getting into individual hassles and fights and perhaps litigation about the individual configurations of complexes, a sensible, general state legal policy is to allow certain broad distinctions to be made related to the character of the ownership of the roadway.
I'm not terribly impressed by it as good policy. But I don't think it's such spurious policy that it's Constitutionally infirmed. I think it's bad policy, my own view of it.
But the fact that I think it's bad policy doesn't entitle me as a judge to declare it unconstitutional. It's not policy without some arguable merit, it seems to me. And because it has arguable merit, because it is a plausible, though not to me convincing way of distinguishing between categories of property, I think I'm stuck with it as a judge.
We fully agree with the trial judge that the Legislature is "better situated than courts to make policy decisions concerning public ... safety...." Brown v. City of Newark, supra, 113 N.J. at 571, 552 A.2d 125. Pleasure Bay Apts. v. City of Long Branch, 66 N.J. 79, 81, 328 A.2d 593 (1974), which is dispositive of this appeal, held that a municipality, which offered at municipal expense garbage collection services, was not obligated to collect garbage from within garden apartment complexes. Collection was limited to curbside of public streets adjacent to the complex to be served.
Different treatment of garden apartment residents in Pleasure Bay withstood constitutional attack based on denial of equal protection. There the Court stated: "[W]e are satisfied that the classification resulting from such limitation is based on real and *546 not feigned differences in the problems inherent in collection of garbage from locations within a landowners' premises as contrasted with collections from the curbside." Id. at 95, 328 A.2d 593. Such problems included the substantial cost associated with on-site collection, and the difficulties associated with entries onto the private property to be serviced. Id. at 96, 328 A.2d 593. "It is neither arbitrary nor unreasonable for a municipality to seek to avoid these problems by limiting services to curbside collections." Ibid. The Assembly Solid Waste Management Committee's statement which accompanied L. 1991, c. 213, stated that "This bill codifies the holding in Pleasure Bay Apts. v. City of Long Branch, 66 N.J. 79, 328 A.2d 593 (1974)."
We are entirely satisfied that the classification between public and private streets is based on "real and not feigned differences." Simply because some of the private roads within some of the complexes here involved, may be as wide as municipal streets, does not prevent the classification from being rationally related to a legitimate governmental objective statewide. The legitimate objective of the statute on a statewide basis is safety on the private streets and cost containment for solid waste collection. A statute is not deprived of its rational basis merely because it "could have been drawn more precisely to accomplish the governmental objective." Piscataway Tp. Bd. of Educ. v. Caffiero, 86 N.J. 308, 324, 431 A.2d 799 (1981). A statute may be mathematically imperfect or result in some inequities when applied and yet not render it unconstitutional. Taxpayer Ass'n of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 40, 364 A.2d 1016 (1976). To be sure, we are not free to second-guess the judgment of the legislature as long as there is a reasonable basis for its choice. Drew Associates, supra, 122 N.J. at 260, 584 A.2d 807. Viewed in the context of these controlling legal principles, plaintiffs' facial attack on the statute must fail. Their attack focuses on the wisdom of the legislation in not making a distinction between private streets which are safe and those which are not safe. But as noted above, the factual distinction between private and public streets has a *547 real and substantial relationship to a legitimate governmental objective on a statewide basis.
Plaintiffs' reliance on 399 Lincoln Assoc. v. Orange Tp., 244 N.J. Super. 238, 581 A.2d 1364 (App.Div. 1990) is misplaced. There it was held that no rational basis existed for limiting residential solid waste collection to premises of less than five dwelling units. Id. at 240-42, 581 A.2d 1364. 399 Lincoln Assoc. restricted garbage collection based on the number of dwelling units. Here, as in Pleasure Bay, garbage collection service is restricted to public roadways. Hence, we conclude that plaintiffs have failed to overcome the presumption that the statute is constitutional on its face. Drew Associates, supra, 122 N.J. at 264-65, 584 A.2d 807; Newark Superior Officers Ass'n v. City of Newark, 98 N.J. 212, 227, 486 A.2d 305 (1985).

C
Plaintiffs further contend that N.J.S.A. 40:66-1(b) is unconstitutional as applied for an additional reason. They argue that a condominium in the Township located on Yacenda Drive contains private roadways of less than 30 feet wide and yet it receives on-site solid waste collection by the Township. The main problem with this contention is that only a sparse record was developed. During cross-examination of the Township's engineer, he admitted that the roadway leading into the condominium complex on Yacenda Drive was private and was less than 30 feet wide. On redirect, however, he testified the roads into the complex were circular in nature with parking prohibited on one side. There is also a separate exit off of Route 10 for the complex. In its appellate brief, the Township states "the Township collects on Yacenda Drive within a condominium complex as a result of a decision of the Trial Court prior to the adoption of N.J.S.A. 40:66-1(b)." See also the "Condo Services Law," N.J.S.A. 40:67-23.3 to 23.7.[1] The *548 judge made no findings respecting this complex. Given the sparse record, we conclude that plaintiffs failed to overcome the presumption of constitutionality of the statute as applied to them.

III
We find plaintiffs claim of entitlement to damages and counsel fees under 42 U.S.C. §§ 1983 and 1988 is clearly without merit. In refusing to provide plaintiffs with customized solid waste collection, they have not been deprived of any "rights, privileges, or immunities secured by the Constitution and laws...." 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Since they are not a "prevailing party" within the meaning of 42 U.S.C. § 1988, they are not entitled to counsel fees. Hensley v. Eckehart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983); African Council v. Hadge, 255 N.J. Super. 4, 11, 604 A.2d 604 (App.Div. 1992).
Plaintiffs further claim that they are entitled to damages for money they paid for private garbage collection from April 1988, the date of plaintiffs' first written demand for services from the Township. In the alternative, plaintiffs seek the tipping fees they incurred in disposing of the garbage. We agree with the Township that plaintiffs are not entitled to damages because, under Pleasure Bay, it had no obligation to enter private property to collect garbage.
In Pleasure Bay, the apartment complex owners were denied damages for money spent for collection of garbage by private scavengers from the date the municipality rejected their demand that it furnish on-site service. Id., 66 N.J. at 82, 328 A.2d 593. Where the owners were not entitled to such services, there was no basis for a claim for damages. Similarly, in this case, because plaintiffs are not entitled to on-site collection, they are not entitled to collect damages.

*549 IV
In the cross-appeal, defendants contend that the trial judge erred in his oral opinion in simply not disposing of the entire case based on Pleasure Bay. We find no merit to the cross-appeal. Appeals are taken from judgments and not from oral decisions. Glaser v. Downes, 126 N.J. Super. 10, 15-16, 312 A.2d 654 (App. Div. 1973), certif. denied, 64 N.J. 513, 317 A.2d 726 (1974). The judge ultimately upheld the constitutionality of N.J.S.A. 40:66-1(b). The November 22, 1991 order effectively vacated all of the order dated August 31, 1991.
The judgment under review is affirmed.
NOTES
[1] The plaintiffs concede that their "as applied" attack upon N.J.S.A. 40:66-1(b) is not based on the theory that they should be provided the same municipal garbage collection service provided to private communities qualifying under N.J.S.A. 40:67-23.2 to 23.7.