RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5537-14T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,

v.

C.R.,

 Defendant,

and

A.V., SR.,

 Defendant-Appellant.

IN THE MATTER OF

A.V., JR., Minor
___________________________________

 Submitted February 1, 2017 – Decided July 31, 2017

 Before Judges Fuentes and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Somerset County, Docket No. FN-18-0130-15.
 Law Offices of Randall J. Peach, attorney for
 appellant (Randall J. Peach, of counsel and
 on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Sandra
 Ostwald, Deputy Attorney General, on the
 brief).

 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (Lisa M. Black,
 Designated Counsel, on the brief).

PER CURIAM

 Defendant A.V., Sr. is the biological father of A.V., Jr., a

boy who is now nine years old. Defendant and the child's

biological mother, C.R., have been engaged in a hotly contested

private action in the Family Part concerning their son's custody

and parenting time. The record shows A.V., Jr. may suffer from

severe psychological problems.

 On October 6, 2014, the Division of Child Protection and

Permanency (the Division) received an anonymous referral alleging

that text messages on defendant's cellular phone suggested illicit

drug activity. The caller claimed that then six-year-old A.V.,

Jr., who was hospitalized at Summit Oaks Hospital's inpatient

psychiatric unit, had found his father's phone and turned it over

to his mother. A Division caseworker met with defendant on October

13, 2014 to investigate these allegations. Defendant denied any

involvement with illicit drugs. When the caseworker asked

 2 A-5537-14T2
defendant if he was willing to submit a urine sample for analysis,

defendant stated he wanted to consult with his attorney first.

 On October 28, 2014, a Division caseworker met with C.R., who

provided photographs depicting the contents of defendant's text

messages. The messages contained numerous references to recent

illicit drug transactions, some of which allegedly occurred while

A.V., Jr. was in defendant's custody. Armed with this information,

the Division filed a verified complaint and an order to show cause

(OTSC) in the Family Part. The Division sought an order compelling

defendant to: (1) undergo a substance abuse evaluation; (2) submit

to the extraction of a hair follicle for testing; and (3) submit

random urine samples for drug screening, "with a refusal to do so

being considered a positive."

 On the return date of the OTSC, the Family Part granted the

Division's request for an investigation. Although defendant was

present, he was not represented by counsel. The court granted the

Division's request to obtain "the hair follicle kit[,]" but denied

its application to use it immediately. When the judge asked

defendant if he denied sending text messages containing references

to alleged drug transactions, defendant responded as follows: I

don't believe anybody has a right . . . to go through my cell

phone. They knew it was missing. They all knew it was missing.

 3 A-5537-14T2
The hospital knows it was missing. I reported it missing right

away."

 On January 16, 2015, defendant, this time represented by

counsel, filed a motion on short notice seeking to dismiss the

Division's verified complaint and OTSC. The Law Guardian supported

the Division's application to test defendant to determine whether

he was using illicit substances. On March 30, 2015, the Family

Part denied defendant's motion to dismiss, holding the Division

had authority to conduct the investigation under Title 30.1 The

court ordered defendant to attend a substance abuse evaluation,

to submit to random urine screening, and to submit to the

extraction of a hair follicle. The court granted defendant's

motion to stay the order's execution until April 10, 2015.

 On April 9, 2015, we denied defendant's emergent application

to file a motion for leave to appeal. On April 28, 2015, the

Division moved to withdraw the verified complaint and OTSC. As

the Deputy Attorney General explained on behalf of the Division:

 [A]t this point the requested reliefs are
 moot. There are other concerns.

1
 The Division has authority to initiate Title 30 proceedings "when
it 'appear[s]' that a child's parent or lawful guardian is 'unfit'
or has failed 'to ensure the health and safety of the child, or
is endangering the welfare of such child[.]'" N.E. v. State Dep't
of Children & Families, 449 N.J. Super. 379, 400 (App. Div. 2017)
(quoting N.J. Div. of Youth and Family Servs. v. I.S., 214 N.J.
8, 34, cert. denied, ___ U.S. ___, 134 S. Ct. 529, 187 L. Ed. 2d
380 (2013)); see N.J.S.A. 30:4C-12.

 4 A-5537-14T2
 Specifically, this morning it was brought to
 my attention that [defendant] is not
 consenting to the medication that was
 recommended by Summit Oaks for the child.
 There are concerns that the child is still
 having behavioral issues.

 These were concerns that were present prior
 to the Division's involvement that were raised
 and addressed under the FD docket.

 The Division would assume that if this
 litigation is dismissed and the order is
 withdrawn that they would continue to address
 these issues under the FD docket.

 . . . .

 THE COURT: [Defense counsel], you have no
 objection?

 DEFENSE COUNSEL: I have no objection.

 . . . .

 [W]e, obviously, agree with the Division that
 the complaint should be dismissed.

 THE COURT: All right. I am going to grant the
 Division's request and dismiss the litigation.

 Against this record, defendant appeals the Family Part's

April 28, 2015 order dismissing the litigation against him.

Defendant argues the Family Part did not "set forth its findings

and the reasons for its ruling[.]" Defendant's arguments lack

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E). It is a well-settled principle of appellate

jurisdiction that "if the order of the lower tribunal is valid,

 5 A-5537-14T2
the fact that it was predicated upon an incorrect basis will not

stand in the way of its affirmance." Isko v. Planning Bd. of

Livingston, 51 N.J. 162, 175 (1968) (citations omitted). Stated

differently, "appeals are taken from judgments and not from

opinions[.]" State ex rel. J.A., 195 N.J. 324, 354 n.2 (2008)

(quoting Glaser v. Downes, 126 N.J. Super. 10, 16 (App. Div.

1973)). Defendant cannot appeal an order granting the relief he

argued for and ultimately obtained.

 Appeal dismissed.

 6 A-5537-14T2